OPINION of the Court, by
Ch. J. Boyle
Bayless, who was plaintiff in the court below, declared a» gainst Stockdon, the defendant, in a general count for money had and received : he afterwards added a special count, which, on demurrer, was adjudged insufficient ; and having obtained leave to amend, he subjoined a third count, which in substance charges tfod the N - fendant, as the agent of Paul Burre„, purchased of Seth Stephens a replevin bond executed by Famous Mortimer as principal, and the plaintiff and another a* securities, payable to said Stephens, who a-Nig.-id. k i-_-Durret; that Mortimer paid to the defendant §140 of the money due upon the replevin bond, but the defendant fraudulently omitted to give credit therefor, aru! *61 without the directions of Durret, his principal, issued execution for the whole amount, which he caused to fee made of the estate of the plaintiff ; and that the defendant has paid over to Durret only the amount of the sum due on the replevin bond, retaining in his hands the sum cf 140 dollars, which he received beyond the amount due upon said bond.
To this count the defendant demurred, but the demurrer being overruled he moved and obtained leave to withdraw it, and pleaded non assumpsit ; so that the cause was tried upon the general issue taken to the 1st and 3d counts,
On the trial the plaintiff produced in evidence the re-plevin bond, together with the record and proceedings of the suit of Stephens vs. Mortimer, in which it had been taken. He proved that the defendant was the agent for Durret; that he had purchased the replevin bond for him » that ' Mortimer had sent to the defendant by Albert Browning 139 dollars 711-3 cents, with particular instructions to pay it on account of the reple-vin bond; that Browning paid the said sum to the defendant, with express directions to apply it to said bond, and that the defendant promised to do so, ’ but gave a receipt of which the following is a copy ; “ Received of Famous Mortimer, by the hand of Mr. Albert Browning, one hundred and thirty nine dollars and seventy-one anda half cents- — Received September 22d 1806— (Signed) Durret and Stockdon.”
The plaintiff further proved that the execution was issued by the defendant upon the replevin bond without giving credit for the 139 dollars 71 1-2 cents ; that the whale amount was made of the plaintiff ⅛ estate, which was sold by the sheriff for that purpose ; and that th» SS9 dollars 71 1-2 cents were not paid or accounted for by the defendant to Durret. '
It also- appeared that the father of Durret and the defendant were partners in trade, under the firm of Durret and Stockdon, but there was ao proof that Mortimer was indebted to the firm.
On this evidence the defendant moved the court to instruct the jury as incase of a nonsuit, but the court refused to give the instruction, and a verdict and judgment were given against the defendant, who prosecute? tins writ of error. ' ' '
%pon feveral counts, one of which is faulty, the defendant smift demur, or move the court to irffcru£l: the jury to difregard the faulty count •• — otherwife he í..‘.í j£ take advantage of the 'y count after, general ver-"⅛ •
Ifaparty with, draws his demurrer after o-pmion of the court given, he cannot atlign er roria the opinion of the court overruling his demurrer — Accord. Trigg vs. Shields, Hard. 269,
Principal in replevin bond pays money to plaintiff’s agent with directions to apply it to the bond, the agent withholds themoney from his employer, and does not ere ait the bond, hut iffues execution for whole amount,and coerces the money from a fe-curityin the rai| ptevin bond ; the fecurity may weaves ' from the agent the money withheld as fomuch had and recetv* ed to his. ufe.
*62 The errors assigned are — 1st, that the 3<1 count in the, plaintiff’s declaration, the only one to which the evidence can be legally applied, contains no sufficient caus^ of action, and the inferior court erred in overruling the demurrer thereto ; and 2d, that the court below erred in overruling the motion of the defendant for the instruction of the court as in case of a nonsuit.
As to the first error, it may be remarked that where there are several counts ia a declaration, some of which are good and others faulty, the defendant can take advantage of the faulty counts only by demurring to them, or by applying to the court to instruct the jury to disregard them. For if in such case a general verdict be found fot the plaintiff the judgment cannot be arrested or reversed on account of die insufficiency of the defective counts — See the 43d sec. of the act regulating proceedings in civil cases, 1 Litt. L. K. p. 500.
The first count in the present case is incontestibly good, and the defendant having withdrawn his demurrer to the third, count, and pleaded the general issue, has. waived his right to insist upon, the error (if it were an error) in overruling the demurrer. It is therefore too late, were the third count defective, for the defendant now to avail himself of its insufficiency.
It cannot however, be admitted that the third count is defective. It shews a clear case of money had and received by the defendant to the plaintiff’s use. The money paid by Mortimer was a discharge of so much of the debt due by the replevin bond, and the execution, could rightfully have issued only for what remained due after allowing the credit for that sum.
It was a gross abuse of legal process, and a palpable violation of moral right, to collect again the same sura from the plaintiff, Mortimer’s security. Money thus illegally and immorally collected of the plaintiff, cannot he justly and legally, retained by the defendant.
In support of the second error assigned, it is contended that the 139 dollars 71 1-2 cents were paid by Mortimer on account of a debt due from him to Durret and Stockdon, and, not on. account of the replevin bond.
The only thing in the cause which gives any pretext or color to this idea, is. the signature of the receipt ia the name of Durret and Stockdon. The receipt however is general, and makes no application of. the maaejqf *63 &nd if tbe signature proves any thing, it is that the money was received by Durret and Steckdon, and not by Stockdon only, as is alleged by the plaintiff. But were the fact so, it would be no ground for a nonsuit, nor excuse for the defendant’s withholding the money in contest from the plaintiff, unless in addition thereto it had been shewn (which however is not done) that a debt was due from Mortimer to Durret and Stockdon, and that the money was received by them bn that account. But it is abundantly proven that in fact the money was received by the defendant alone, and that it was paid by Mortimer and received by the defendant for the express purpose of being applied to the debt due on the replevin bond.
A receipt gi« ven by the agent, in behalf of himfelf and amtbar, will not defeat the action againft the agent alone» who received the money and failed to. apfáj. it.
Upon the whole, we haVe ho doubt that the allegations and proofs in this case warrant the inference that the defendant has received the money in contest for the use of the plaintiff, and that the plaintiff is entitled ex equo ⅛⅛ bono to recover. — —Judgment affirmed, &c.